UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

LESLIE ALMENDAREZ

    Plaintiff,

v.

SALTZMAN, TANIS, PITTELL, LEVIN
AND JACOBSON, LLC. d/b/a PEDIATRIC
ASSOCIATES, a Florida Limited Liability Company

    Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, LESLIE ALMENDAREZ (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, and hereby sues Defendant, SALTZMAN, TANI, PITTELL, LEVIN AND JACOBSON, LLC. d/b/a PEDIATRIC ASSOCIATES (hereafter referred to as "Defendant") and as grounds alleges:

## JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interest, costs, and attorney's fees for willful violations of the American with Disabilities Act of 1990, 42 U.S.C. Sec. 1211, et seq. ("ADA"), the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, et seq. ("FCRA"), and the Family Medical Leave Act, as amended 29 U.S.C. §2601, et. seq. (hereafter "FMLA") to redress injuries resulting from Defendant's unlawful, disability-based discriminatory treatment against Plaintiff and Defendant's unlawful interference and retaliation in violation of the FMLA.

## PARTIES

2. Plaintiff, LESLIE ALMENDAREZ, is an adult, female resident of Broward County, Florida.

3. Defendant, SALTZMAN, TANI, PITTELL, LEVIN AND JACOBSON, LLC. d/b/a PEDIATRIC ASSOCIATES is a Florida Limited Liability Company authorized to conduct business in the State of Florida and in the Southern District of Florida.

4. Defendant was a "person" and/or "employer" pursuant to Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760.01, *et seq.* since it employs fifteen or more employees for the applicable statutory period; and it is subject to employment discrimination provisions of the applicable statute, the FCRA.

5. Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760.01, et seq.

6. At all times material hereto Defendant was an "employer" within the meaning of Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760.01, et seq.

7. At all times material hereto Plaintiff was an "employee" within the meaning of Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760, et seq.

8. At all times material hereto, Plaintiff is an "employee" within the meaning of the ADA 42 U.S.C. Sec. 1211, *et seq*.

9. At all times material hereto, Defendant is an "employer" within the meaning of the ADA 42 U.S.C. Sec. 1211, *et seq*.

10. At all times material herein, Defendant was an employer covered by the FMLA because they were engaged in commerce or in an industry affected commerce and employed 50 or

more employees for each working day during each of twenty (20) or more calendar workweeks.

11. Plaintiff worked at a location where Defendant employed fifty (50) or more employees within seventy-five (75) miles.

12. Plaintiff was an employee entitled to leave under FMLA, based on the fact that he was employed by Defendant for at least twelve (12) months and worked at least 1,250 hours during the relevant twelve (12) month prior period to him seeking to her rights to FMLA leave.

## JURISDICTION AND VENUE

13. This Honorable Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§131, 1343, and 1367.

14. Venue is proper because the events/employment practices alleged in this Complaint to be unlawful were committed in Miami-Dade County, within jurisdiction of this Honorable Court.

15. Plaintiff filed a charge of discrimination against Defendant with the Equal Opportunity Commission (hereafter referred to as "EEOC") and the Florida Commission on Human Relations (hereafter referred to as "FCHR").

16. Plaintiff files this complaint within 90 days after receiving a Notice of Right to Sue from the EEOC.

17. All conditions precedent for the filing of this action before this Honorable Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

18. On or about April 9, 2018 Plaintiff became employed by Defendant as an administrative assistant of managed care.

19. On or about April of 2019, Plaintiff was informed by her doctor that she required ankle surgery.

20. Plaintiff had a disability within the meaning of 42 U.S.C. §12102. Plaintiff medical condition substantially limited one or more major life activities, including her ability to walk and stand.

21. On or about April 11, 2019, Plaintiff notified Defendant's Human Resources of her need for ankle surgery and requested FMLA.

22. On or about April 17, 2019, the Human Resource specialist, Ana Bueno, notified Plaintiff's supervisor, Michel Reiff and other members of the Human Resources Department of Plaintiff's medical condition and FMLA request via email. Included in the email were forms, such as the Employee Right Notice, FMLA Request Form and Certification of a Health Care Provider to be filled out by Plaintiff's doctor.

23. On or about April 22, 2019, Plaintiff met with her doctor, Dr. Cohen, to review her surgery options and have an MRI. Plaintiff notified Defendant of this appointment.

24. On or about April 26, 2019, as a result of Plaintiff's disability and request for FMLA, Plaintiff was terminated by Defendant.

25. Plaintiff's medical condition does not affect her performance as an administrative assistant of managed care.

26. Plaintiff was able to perform the essential functions of an administrative assistant of managed care.

27. Plaintiff was entitled to FMLA leave.

28. On or about June 24, 2019, Plaintiff filed a complaint with the Florida Commission on Human Relations.

29. On or about November 12, 2020 the U.S. Equal Employment Opportunity Commission issued a "Notice of Suit Rights" to Plaintiff.

30. As a result of Defendant's disability-based discriminatory treatment against Plaintiff and Defendant's interference and retaliation of Plaintiff's FMLA., Plaintiff has suffered damaged and was forced to retain undersigned counsel.

## COUNT I
## DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

31. Plaintiff re-alleges and re-affirms Paragraphs 1-30 as is it is fully set forth herein.

32. Plaintiff is a member of a protected class under the ADA.

33. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected Plaintiff to disability-based animosity.

34. Such discrimination was based upon the Plaintiff's disability in that the Plaintiff would not have been the object of discrimination but for the fact of her medical condition.

35. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

36. At all times material hereto, the employees exhibiting discriminatory conduct towards the Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

37. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

38. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

39. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

40. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

41. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

42. The American with Disabilities Act, 42 U.S.C. Sec. 12101, et seq., prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge or employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. Sec. 12112.

43. Plaintiff was fully qualified to be employed by Defendant and could perform all the essential function of the position held with Defendant.

44. Defendant is a covered employer to which the ADA applies.

45. Defendant terminated and disqualified Plaintiff form employment because of Plaintiff's disability.

46. Defendant made no individualized assessment to determine whether Plaintiff could perform the essential functions of the job and be employed by Defendant, or whether a reasonable accommodation would enable her to be employed by Defendant, as required under the ADA.

47. Defendant's termination and disqualification of Plaintiff on the basis of her disability and Defendant's failure to make an individualized assessment to determine whether Plaintiff could be employed or whether a reasonable accommodation would enable him to be employed by Defendant violated the ADA.

48. As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer both economic and non-economic harm.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree the Defendant has violated the ADA, and has willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## DISABILITY DISCRIMINATION IN VIOLATION OF THE FCRA

49. Plaintiff re-alleges and re-affirms Paragraphs 1-30 as is it is fully set forth herein.

50. Plaintiff is a member of a protected class under the FCRA.

51. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

52. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff suffered from a medical condition.

53. Defendant's conduct complained of herein is willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

54. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

55. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

56. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

57. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

58. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice and reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law to punish the Defendant for its actions and to deter it, and others from such action in the future.

59. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

   a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

   b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and pre-judgment interest at amounts to be provided at trial for the unlawful employment practices described herein;

   c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

  d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

  e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III – FMLA INTERFERENCE

60. Plaintiff reincorporates and realleges all allegations contained within paragraphs 1-30 as fully alleged herein.

61. At all times relevant hereto, Defendant interfered with Plaintiff's right to take leave from work under FMLA.

62. At all times relevant hereto, Defendant's interference with Plaintiff's right to take leave from work, violated the FMLA.

63. 29 U.S.C. §2612, et. seq. states in relevant part:

> (a)(1)(A)*"an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period because of the birth of a son or daughter and in order to care for such son or daughter.*

64. At all times relevant hereto, Plaintiff was entitled to FMLA leave.

65. Plaintiff was entitled to FMLA leave because she was pregnant.

66. In accordance with FMLA, on April 11, 2019, Plaintiff notified Defendant that she would need to take FMLA leave due to an ankle surgery.

67. Defendant interfered with the exercise of Plaintiff's right to unpaid leave because Defendant terminated Plaintiff.

68. Defendant interfered with the exercise of Plaintiff's right to unpaid leave because Defendant terminated Plaintiff's employment as a result of Plaintiff exercising her right to FMLA leave.

69. Defendant's actions foreclosed Plaintiff's rights under the FMLA, including but not limited to the right to be returned to her position.

70. As a result of Defendant's intentional, willful, and unlawful acts by interfering with Plaintiff's rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorney's fees and costs.

71. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff, LESLIE ALMENDAREZ, demands judgment against Defendant, SALTZMAN, TANI, PITTELL, LEVIN AND JACOBSON, LLC. d/b/a PEDIATRIC ASSOCIATES. for backpay, an equal amount in liquidated damages, other damages, equitable relief, declaratory relief, reasonable attorney's fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT IV- FMLA RETALIATION

72. Plaintiff reincorporates and realleges all allegations contained within paragraphs 1-30 as fully alleged herein.

73. At all times relevant hereto, Defendant retaliated against Plaintiff because Plaintiff exercised her right to take leave from work under the FMLA.

74. 29 U.S.C. §2612, et. seq. states in relevant part:

> (a)(1)(A)*"an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period because of the birth of a son or daughter and in order to care for such son or daughter.*

75. At all times relevant hereto, Plaintiff was entitled to FMLA leave.

76. Plaintiff was entitled to FMLA leave because she was to undergo ankle surgery.

77. Plaintiff was qualified for her position as an administrative assistant of managed care and had performed her job duties effectively prior to the acts complained of herein.

78. Plaintiff suffered an adverse employment action in that she was subjected to termination by Defendant.

79. Defendant's decision to terminate Plaintiff on April 26, 2019 occurred shortly after Plaintiff request FMLA leave from Defendant.

80. Defendant's alleged reasoning for terminating Plaintiff's employment is pretextual and baseless.

81. Defendant retaliated against Plaintiff for exercising her right to FMLA leave, because Defendant terminated Plaintiff's employment as a result of Plaintiff's exercising her right to FMLA leave.

82. At all times relevant hereto, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised her right to leave pursuant to the FMLA.

83. As a result of Defendant's intentional, willful and unlawful acts by retaliation against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorney's fees and costs.

84. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff, LESLIE ALMENDAREZ, demands judgment against Defendant, SALTZMAN, TANI, PITTELL, LEVIN AND JACOBSON, LLC. d/b/a PEDIATRIC ASSOCIATES. for backpay, an equal amount in liquidated damages, other damages, equitable relief, declaratory relief, reasonable attorney's fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Respectfully submitted

GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (305) 261-0088

By: _____
Elvis J. Adan, Esq.
Fla. Bar No.: 24223
